# IN THE COURT OF APPEALS OF IOWA

No. 24-1252
Filed July 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HELEN ANN ARNDT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Tom Reidel,
Judge.


        A criminal defendant appeals her conviction for driving while revoked,
claiming the court wrongly denied her motion to suppress.  **AFFIRMED.**


        Jessica Maffitt of Benzoni & Maffitt Law Office, P.L.C., Des Moines, for
appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, for appellee.


        Considered without oral argument by Schumacher, P.J., and Buller and
Sandy, JJ.

**SANDY, Judge.**

Helen Arndt appeals her conviction for driving while revoked, claiming the court wrongly denied her motion to suppress under the United States and Iowa Constitutions. Arndt specifically claims the traffic stop was improper because the investigation officer only knew that one of the two registered owners of the vehicle that she was driving had a revoked license and "the officer did not know the level of tint on her front windows before conducting the stop."

Arndt was stopped by a Wilton police officer on October 26, 2023. Recognizing the vehicle and personalized plates from an earlier operating-while-intoxicated arrest in July, the officer knew the vehicle had two registered owners, one of whom had a revoked driver's license—Arndt. The officer was unable to identify which owner was driving because of the vehicle's excessive window tint, the same violation that had caused the officer to initiate the earlier July stop. The officer again pulled the vehicle over for "excessive window tint" as well as Arndt's revoked license. Upon pulling the vehicle over, the officer found Arndt driving and arrested her. He also tested the vehicle window tint and found that it only had seventeen percent transparency, significantly below the seventy percent required by law. Following her arrest, Arndt pled not guilty to driving while revoked. She later moved to suppress evidence of the stop due to lack of reasonable suspicion. The district court denied that motion, and Arndt pled guilty. Arndt now appeals.[1]

---

[1] Defendants typically do not have a right to appeal from guilty pleas unless certain conditions are met. *See* Iowa Code § 814.6(1)(a)(3) (limiting the right to appeal from a guilty plea to instances where the defendant is appeals from a conviction for a class "A" felony or can establish "good cause" to appeal). Here, the parties filed a stipulation to correct the record and clarify that Arndt entered into a conditional guilty plea as permitted by Iowa Rule of Criminal

Although Arndt argues, and the State agrees, that the supreme court needs to address whether reasonable suspicion exists to initiate a traffic stop when a vehicle has multiple registered owners and only one of them is suspended or revoked, this appeal can be resolved without reaching that issue. As the district court stated:

> [T]he Court finds that the law is very clear that any traffic violation, even if it is minor, justifies a stop. [Iowa Code section] 321.438(2) [(2023)] establishes that a window cannot be over-tinted. That's supported by [Iowa Administrative Code] rule 761–450.7(2), which establishes there must be seventy percent light transmission. In this case there was only seventeen percent light transmission. Based on the officer's comments, he tested the window. He saw it. He had prior experience with that vehicle. The Court finds that that traffic violation by itself is sufficient to have warranted the stop. Accordingly, the motion to suppress is denied.

On our de novo review, *see State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009), we concur with the district court. Arndt's window tint provided reasonable suspicion for the traffic stop. *See State v. Aderholdt*, 545 N.W.2d 559, 561, 563 (Iowa 1996) (finding reasonable suspicion based on window tint existed even where windows were transparent enough for officer to see the driver). The arresting officer testified that he warned Arndt about her tint in July. He again recognized the same dark tint on the same vehicle during this October stop. The officer could not see the driver through the tint. He tested the tint, and it far

Procedure 2.8(2)(b)(9). We have jurisdiction over appeals from such pleas when the district court, the prosecuting attorney, and the defendant consent to the entry of a conditional plea and "appellate adjudication of the reserved issue is in the interest of justice." Iowa Code § 814.6(3). Because Arndt 's "issue on appeal is the same issue reserved by the conditional guilty plea, and success on appeal of that issue would give [him] some relief," deciding this issue satisfies the statutory interests-of-justice requirement. *See* State v. Scullark, ____ N.W.3d ____, No. 23-1218, 2025 WL 1717213, at *2 (Iowa June 20, 2025).

exceeded the legal limit for light blockage thus confirming the good faith nature of the reasonable suspicion. Therefore reasonable suspicion existed for stopping Arndt based on her window tint, and it is not necessary for us to address her open constitutional question.

We affirm.

**AFFIRMED.**